UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.:

| | |
|---|---|
| YOLANDA GASKIN, and other similarly situated individuals, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| HEALTHTRUST WORKFORCE SOLUTIONS, | ) ) ) |
| Defendant. | ) ) ) ) |

## **COMPLAINT**

Plaintiff YOLANDA GASKIN (the "Plaintiff") sues Defendant HEALTHTRUST

WORKFORCE SOLUTIONS (the "Defendant" or "HealthTrust") and alleges:

## **NATURE OF THE ACTION**

YOLANDA GASKIN, Plaintiff in the above-styled case, sues Defendant,

HEALTHTRUST WORKFORCE SOLUTIONS, for damages arising from the Defendant's

violations of 42 U.S.C. § 1981, as amended, 42 U.S.C.A. §§ 2000e *et seq*. ("Title VII"), Americans

with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), and the Florida Civil Rights Act of

1992, Fla. Stat. § 760 *et seq*. ("FCRA"), for race, color, and disability/handicap discrimination and

retaliation. In support of this Complaint, Plaintiff states as follows:

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

## JURISDICTION AND VENUE

1.      This Court has jurisdiction of the claim herein pursuant to 42 U.S.C.A. § 2000e-5(f)(3), 28 U.S.C.A. §§ 1331 and 1343(4). This civil action arises under the laws of the United States.

2.      Plaintiff is alleging a violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq. This is also an action for race discrimination and retaliation under 42 U.S.C. § 1981, and disability discrimination and retaliation pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA").

3.      Plaintiff brings this action pursuant to the Florida Civil Rights Act, § 760.10, Fla. Stat. *et seq*. ("FCRA").

4.      This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

5.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendant has its principal place of business within the district, resides in the judicial district and because the employment records of the Plaintiff are stored or have been administered, in Broward County, Florida.

6.      The Defendant is a corporation duly authorized and existing under the laws of the State of Florida and conducting business in Broward County, Florida.

7.     The Plaintiff is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

8.     Plaintiff worked for HealthTrust at the Medical Center of Sunrise, 3505 NW 84th Avenue, Sunrise, Broward County, Florida.

9.     The acts or omissions giving rise to this Complaint occurred in whole or in part in Broward County, Florida.

## PARTIES

1.     Plaintiff is an adult resident of Palm Beach County, Florida.

2.     The Plaintiff was an "employee" of the Defendant as defined by the ADA.

3.     The Plaintiff is disabled and as such is a member of a group protected under the ADA.

4.     The Plaintiff is a Black, African American woman, and as such is a member of a group protected under Title VII from discrimination on the basis of her race and color.

5.     The Plaintiff is a Black, African American woman, and as such is a member of a group protected under the FCRA on the basis of race and color.

6.     At all times relevant, the Plaintiff was in a contractual relationship with the Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

7.     The Plaintiff is a covered employee, who was an employee of Defendant's corporation at all relevant times, performing work in Broward County, Florida.

8.     At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

9. Defendant is a Florida corporation doing business at the Medical Center of Sunrise, 3505 NW 84th Avenue, Sunrise, Broward County, Florida, and therefore conducts business within the jurisdiction of this Honorable Court.

10. Defendant's principal place of business is located at 1000 Sawgrass Corporate Parkway, 6th Floor, Sunrise, Broward County, Florida.

11. The Defendant is a corporation duly authorized and existing under the laws of the State of Florida and conducting business in Broward County, Florida, and therefore conducts business within the jurisdiction of this Honorable Court.

12. HealthTrust, at all times pertinent hereto, has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

13. At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630, the ADA, 42 USC § 12111(5), and Fla. Stat. § 760.02.

14. The Defendant, at all times material hereto was and is engaged in interstate commerce.

15. The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

16. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions,

or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

17.     During the course of the Plaintiff's employment with the Defendant it violated the Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms, and conditions of her employment contract as is enjoyed by Caucasians employed by the Defendant, in violation of 42 U.S.C.A. § 1981(b), as amended.

## PROCEDURAL REQUIREMENTS

1.     Plaintiff has complied with all conditions precedent in filing this action, to wit;

2.     On or about June 7, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging discrimination and retaliation based on her race, color, and disability or perceived disability.

3.     Plaintiff was issued a Notice of Suit Rights as to all charges of discrimination and retaliation on or about December 20, 2023.

4.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## I.     GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1.     At all times material, the Plaintiff was employed by the Defendant as a Senior Program Manager from March 12, 2017, until her wrongful termination on March 30, 2023.

2.     The Plaintiff performed her work admirably and was revered by her colleagues with whom she worked.

3.     The Plaintiff performed her job duties and responsibilities in a satisfactory manner, and during her six (6) years of employment was never written up by her supervisors, Keri James ("Supervisor James") and Jim Davis ("Supervisor Davis").

4.     Plaintiff is a professional Black, African American, disabled woman.

5.     Supervisor James and Supervisor Davis are Caucasian and, at all relevant times, were the Plaintiff's supervisors.

6.     During all relevant times Supervisor James was employed by the Defendant as Vice President Managed Service Provider, and Supervisor Davis was employed with the Defendant as Senior Vice President of Strategic Accounts.

7.     In 2020, Supervisor James scheduled weekly one-on-one meetings with the Plaintiff to discuss the activities of her cases.

8.     Plaintiff noticed that Defendant did not require any of its non-African American employees to have weekly meetings with their supervisor.

9.     Under Supervisor James' management, the Plaintiff's work schedule was between 18 to 22 hours a day, 7 days a week.

10.     On or about the end of the year 2021, Plaintiff began to express concerns about her workload to Supervisor James. Specifically, Plaintiff shared that she was overworked and stressed.

11.     Plaintiff's expressed concerns of the effect of the stress and exhaustion was on her health and her need to start taking things slower, yet Supervisor James continued to require Plaintiff to work between 18 and 20 hours a day, seven days a week, even when she returned from medical leave.

12.     In addition to the disparate work hours and responsibilities, Plaintiff noticed that Defendant allowed its minority employees, namely its African American and Hispanic employees, to be treated in an offensive, oppressive, and harassing manner, which was different than the treatment its Caucasian employees were subjected to.

13.     For example, Plaintiff noticed that during work, Supervisor James and Supervisor Davis would openly and repeatedly use racial slurs in Plaintiff's presence referring to Black employees as "crackheads" and Hispanic employees as "being fresh off the boat".

14.     Defendant's disparate treatment of its minority employees created a discriminatory, harassing, and hostile work environment.

15.     Plaintiff understood Supervisor James and Davis' comments to be racist.

16.     Plaintiff complained to Supervisor James about the disparate treatment, but she and the Defendant did nothing.

17.     The work environment Plaintiff was subjected to caused Plaintiff severe emotional distress, and Plaintiff noticed that she continued to feel exhausted, stressed, and anxious.

18.     Plaintiff continued to complain to the Defendant about the discriminatory treatment of Black, African Americans employees in particular, but Defendant did not investigate or sufficiently act to end the discriminatory treatment of Black, African Americans, and other employees, were consistently subjected to.

19.     The stress and exhaustion experienced by the Plaintiff, due to her work environment, led to the development of serious medical conditions that impaired her physical and mental health, rendering her either disabled or perceived as disabled by her employer and in April 2022, she requested and was granted a short-term medical leave.

20.     Plaintiff requested approximately two months leave.

21.     During her medical leave, Plaintiff underwent surgery for a partial hysterectomy and during surgery, suffered a stroke.

22.     While recovering from surgery and stroke, Supervisor James repeatedly contacted Plaintiff via phone and email, even after receiving her out of office response stating that Plaintiff is on short term disability leave, regarding work related issues and to discuss work.

23.     Supervisor James persistent contact during Plaintiff's leave, which was intended to allow Plaintiff time to recover mentally and physically, exhausted Plaintiff and exacerbated her mental and physical conditions, prolonging her suffering and recovery.

24.     When the Plaintiff was finally able to return to work in June 2022, she was greeted with Defendant's harassing and retaliatory conduct. The weekly one-on-one meets and work schedule of 17 to 20 hours a day, 7 days a week continued.  In addition, Supervisor James would send the Plaintiff emails asking her if she could "hear and see".

25.     Soon thereafter, Plaintiff was informed that the clients that, after years of hard work to maintain an excellent rapport and relationship with, was transferred to her co-worker, Brook Elmer ("Elmer"), a Caucasian woman by the Defendant.

26.     The clients that were transferred to Elmer were Plaintiff's best clients.

27.     Despite the discriminatory and retaliatory conduct, Plaintiff continued to perform her job well.

28.     In March 2023, Plaintiff applied for a vacant Program Director position that she was qualified to perform. Despite her qualifications, the Defendant did not even consider or allow Plaintiff to interview for this position.

29.     Plaintiff was passed over for the Program Director position, which would have been a promotion. Instead, Defendant promoted Plaintiff's coworker, Sharon Spalding, a Caucasian woman. Plaintiff's qualifications were comparable to or exceeded Spalding's qualifications for the Program Director position.

30.     Plaintiff complained to Supervisor James, about being passed over for the Program Director position, and inquired as to why she was not even considered for the job, although she had similar qualifications to Spalding who Defendant chose to promote. Defendant never provided Plaintiff a satisfactory response.

31.     The Defendant denied the Plaintiff the ability to obtain a raise and a chance of a promotion.

32.     Additionally, Plaintiff noticed that although she had complained multiple times about the racial comments and slurs, Supervisors James' and Davis' conduct worsened and the racial comments and slurs became more frequent, continuing to create a hostile work environment for the Plaintiff.

33.     Plaintiff continued to complain about the use of racial comments and slurs, but the Defendant did nothing to end these wrongful conducts.

34.     Plaintiff continued to object to the racial comments and slurs and the discriminatory behavior of her supervisors, but the Defendant ignored Plaintiff, and nothing was done to end the discriminatory conduct and hostile work environment.

35.     The Defendant did not investigate the discriminatory and hostile behaviors, did not reprimand or discipline any of the bad actors, and certainly did not stop the racial comments and slurs from reoccurring.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

36.     Despite the discriminatory and retaliatory work environment, Plaintiff continued to perform her job well while her work environment became increasingly more discriminatory and hostile.

37.     Then and unexpectedly, on or about March 30, 2023, Plaintiff employment was terminated.

38.     As an excuse for Plaintiff's termination, Defendant claimed that Plaintiff's performance was poor, alleging she lashed out at an employee during a meeting on March 22, 2023 and other staff members attested to her inappropriate manner, which is not true, never happened, and clearly is pretext.

39.     Plaintiff did not do what the Defendant is accusing her of doing; rather, this demonstrates Defendant's attempted cover up for its unlawful termination of Plaintiff's employment.

40.     All conditions precedent to bringing this action have occurred, been performed, or been excused.

41.     The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## II.     COUNTS

### COUNT I: RACE AND COLOR DISCRIMINATION
### (RETALIATION) – 42 U.S.C.A. § 1981

42.     The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 40 of this Complaint.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180          Facsimile: 888.270.5549

43.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has not enjoyed the same benefits, privileges, terms, and conditions of employment, as have Brook Elmer, Sharon Spalding and other Caucasians employed by the Defendant.

44.     The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 7 to 18 and 27 to 34 of this Complaint, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Brook Elmer, Sharon Spalding and other Caucasians employed by the Defendant is in violation of 42 U.S.C.A. § 1981, as amended.

45.     The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 7 to 18 and 27 to 34, denied the Plaintiff the right to make and enforce contracts as enjoyed by Brook Elmer and Sharon Spalding is in violation of 42 U.S.C.A. § 1981, as amended.

46.     Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race and ancestry.

47.     Despite Defendant's knowledge of the ongoing discrimination, it failed to take remedial action.

48.     Plaintiff complained about race and color discrimination.

49.     In response, the Defendant terminated Plaintiff's employment.

50.     Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

51.     As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

**SAENZ LAW FIRM, P.A.**

52.     The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendants for their violations of 42 U.S.C.A. § 1981, as amended;

b.  Award the Plaintiff actual damages suffered;

c.  Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation, and emotional distress the Plaintiff has suffered;

d.  Award the Plaintiff prejudgment interest on her damages award;

e.  Award Plaintiff punitive damages;

f.  Enjoin the Defendants, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against the Plaintiff and any employee;

g.  Award the Plaintiff reasonable costs and attorneys' fees; and

h.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II: RACE AND COLOR DISCRIMINATION
## (DISPARATE TREATMENT) – 1981

53.     The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 40 of this Complaint.

54.      The Plaintiff is a member of a protected class of Black, African American citizens.

55.     During the course of the Plaintiff's employment with HealthTrust, the Defendant has violated the Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms, and conditions of her employment contract as is enjoyed Caucasians employed by Defendant, in violation of 42 U.S.C.A. § 1981(b), as amended.

56.     The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 7 to 18 and 27 to 34, denied the Plaintiff the right to make and

enforce contracts as enjoyed by its Caucasian employees, is in violation of 42 U.S.C.A. § 1981, as amended.

57.    Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against her on the basis of the Plaintiff's race, color, and ancestry.

58.    During the course of the Plaintiff's employment with HealthTrust, the Plaintiff has been subjected to a discriminatory, hostile, and offensive work environment because of her race and color, as more fully described in paragraphs 7 to 18 and 27 to 34 of this Complaint.

59.    Supervisor James and Davis, at all times, had knowledge of their discriminatory acts and conduct when they made their racial comments and slurs and of all other discriminatory actions described in paragraphs 7 to 18 and 27 to 34 above.

60.    Despite Supervisor James and Davis' knowledge of their ongoing discrimination, Defendant failed to take remedial action.

61.    Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

62.    As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

63.    The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.    Enter judgment in the Plaintiff's favor and against the Defendants for their violations of 42 U.S.C.A. § 1981, as amended;

b.    Award the Plaintiff actual damages suffered;

c.    Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation, and emotional distress the Plaintiff has suffered;

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

d.      Award the Plaintiff prejudgment interest on her damages award;

e.      Award the Plaintiff punitive damages;

f.      Enjoin the Defendants, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

g.      Award the Plaintiff reasonable costs and attorneys' fees; and

h.      Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT III: RACE AND COLOR DISCRIMINATION**
**(HOSTILE WORK ENVIRONMENT)– 42 U.S.C.A. § 1981**

64.      The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 40 of this Complaint.

65.      The Plaintiff is a member of a protected class of Black, African American citizens.

66.      During the course of Plaintiff's employment with HealthTrust, the Defendant violated the Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms, and conditions of her employment contract as is enjoyed by Caucasians employed by the Defendant, in violation of 42 U.S.C.A. § 1981(b), as amended.

67.      During the course of the Plaintiff's employment with HealthTrust, the Plaintiff has not enjoyed the same benefits, privileges, terms, and conditions of employment, as Sharon Spalding, Brook Elmer and all other Caucasians employed by the Defendant.

68.      The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 7 to 18 and 27 to 34 of this Complaint, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasians employed by the Defendant, is in violation of 42 U.S.C.A. § 1981, as amended.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180          Facsimile: 888.270.5549

69.     The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 7 to 18 and 27 to 34, denied the Plaintiff the right to make and enforce contracts as enjoyed by Caucasians employed by the Defendant, in violation of 42 U.S.C.A. § 1981, as amended.

70.     Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race, color, and ancestry.

71.     During the course of the Plaintiff's employment with HealthTrust, the Plaintiff has been subjected to a discriminatory, hostile, and offensive work environment because of her race and color, as more fully described in paragraphs 7 to 18 and 27 to 34 of the Complaint.

72.     HealthTrust, at all times, had knowledge of the discriminatory acts and conduct of Supervisor James and Daivs and of all other discriminatory actions described in paragraphs 7 to 18 and 27 to 34 above.

73.     Despite HealthTrust's knowledge of the ongoing discrimination, it failed to take remedial action.

74.     Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

75.     As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

76.     The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.   Enter judgment in the Plaintiff's favor and against the Defendants for their violations of 42 U.S.C.A. § 1981, as amended;

b.   Award the Plaintiff actual damages suffered;

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180          Facsimile: 888.270.5549

c.  Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

d.  Award the Plaintiff prejudgment interest on her damages award;

e.  Award the Plaintiff punitive damages;

f.  Enjoin the Defendants, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

g.  Award the Plaintiff reasonable costs and attorneys' fees; and

h.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV: DISABILITY DISCRIMINATION
### (RETALIATION) – ADA

77.     The Plaintiff repeats and re-alleges paragraphs 1 to 40 as if fully stated herein.

78.     The Plaintiff informed the Defendant of the discrimination and lack of accommodation she suffered on or about the end of 2021.

79.     The Defendant subsequently terminated the Plaintiff under the guise that "her behavior does not align with the Defendant's and its Core Values and that Plaintiff is in a leadership role and is expected to conduct herself in a professional manner at all times."

80.     The Defendant's stated actions were motivated by intent to retaliate against the Plaintiff for her protected activity under the ADA.

81.     The Defendant violated the ADA or acted with reckless disregard for whether its actions were prohibited.

82.     As a direct and proximate result of the intentional violations by the Defendant, the Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

83.     Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b.  Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation, and emotional distress the Plaintiff has suffered and continues to suffer;

d.  Award the Plaintiff liquidated damages based on the Defendant's willful and/or reckless conduct;

e.  Award the Plaintiff prejudgment interest on her damages award;

f.  Award the Plaintiff reasonable costs and attorneys' fees; and

g.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

### COUNT V: DISABILITY DISCRIMINATION
### (DISPARATE TREATMENT) – ADA

84.     The Plaintiff repeats and re-alleges paragraphs 1 to 40 as if fully stated herein.

85.     The Plaintiff had a scheduled surgery in April 2022 for a partial hysterectomy and during surgery, suffered a stroke.

86.     The Plaintiff was unaware how long she would be incapacitated.

87.     The Plaintiff's condition qualified as a disability or was regarded as a disability by the Defendant, within the meaning of the ADA.

88.     The Defendant was aware of the Plaintiff's medical condition, including the specific cause for her condition.

89.     At all times during her employment, the Plaintiff was qualified to perform the essential functions of her position as a Senior Program Manager with or without reasonable accommodations.

90.     The Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating the Plaintiff differently than similarly situated employees in the terms and conditions of her employment.

91.     The Defendant terminated the Plaintiff because of her disability, in violation of the ADA.

92.     Plaintiff was disabled post-surgery limited her ability to perform and engage in major life activities, including but not limited to caring for herself, performing manual tasks, and working.

93.     As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

94.     Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b.  Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.  Award the Plaintiff prejudgment interest on his/her damages award;

e.  Award the Plaintiff reasonable costs and attorneys' fees; and

f.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VI: DISABILITY DISCRIMINATION
## (HOSTILE WORK ENVIRONMENT) – ADA

95.  The Plaintiff repeats and re-alleges paragraphs 1 to 40 as if fully stated herein.

96.  Supervisor James engaged in a persistent pattern of severe and pervasive harassment during Plaintiff's medical leave when she failed to honor the terms and conditions of her disability leave, when immediately after her surgery, initiated contact with her for work-related matters, essentially compelling her to work against her medical condition.  In addition, upon her return from medical leave in June 2022, Supervisor James consistently questioned Plaintiff during their weekly meetings about her ability to hear and see, creating a hostile environment for Plaintiff in the workplace.

97.  The Plaintiff did not welcome the conduct of Supervisor James, and advised the Defendant that such conduct was unwelcome.

98.  The Plaintiff was subjected to this harassment because of her disability or perceived disability.

99.  The harassment adversely affected the Plaintiff's psychological well-being.

100.  The harassment unreasonably interfered with the Plaintiff's work performance.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

101.    The harassment to which the Plaintiff was subjected to would affect the psychological well-being and unreasonably interfere with the work performance of a reasonable person.

102.    The harassment was sufficiently widespread, pervasive, and prevalent in the Defendant's workplace at all times pertinent hereto to charge the Defendant with constructive notice of it.

103.    The harassment continued to occur following the Plaintiff's complaint to Supervisor James and the Defendant.

104.    Supervisor James was acting within the scope of her employment with the Defendant by harassing the Plaintiff.

105.    The Plaintiff sustained emotional suffering and injury attributable to the harassment.

106.    Supervisor James acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b.  Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation, and emotional distress the Plaintiff has suffered and continues to suffer;

d.  Award the Plaintiff liquidated damages based on the Defendant's willful and/or reckless conduct;

e.  Award the Plaintiff prejudgment interest on her damages award;

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

f.   Award the Plaintiff reasonable costs and attorneys' fees; and

g.   Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VII: DISABILITY DISCRIMINATION (FAILURE TO ACCOMMODATE) – ADA

107.   The Plaintiff repeats and re-alleges paragraphs 1 - 40 as if fully stated herein.

108.   The Plaintiff had a scheduled surgery in April 2022 for a partial hysterectomy and during surgery, suffered a stroke.

109.   The Plaintiff was unaware how long she would be incapacitated.

110.   The Plaintiff's condition qualified as a disability or was regarded as a disability by the Defendant, within the meaning of the ADA.

111.   At all times during her employment, the Plaintiff was qualified to perform the essential functions of her position as a Senior Program Manager with or without reasonable accommodation.

112.   The Defendant was aware of the Plaintiff's medical condition, including the specific cause for her condition.

113.   The Plaintiff requested a reasonable accommodation for her disability as described in the General Allegations section of this Complaint.

114.   The Defendant did not make a good faith effort to assist the Plaintiff in seeking accommodations.

115.   The Plaintiff could have been reasonably accommodated but for the Defendant's lack of good faith.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800        Telephone: 305.503.5131
Aventura, Florida 33180                Facsimile: 888.270.5549

116.    The Defendant could have reasonably accommodated the Plaintiff, without any undue hardship to its business, but failed to do so.

117.    Instead of reasonably accommodating the Plaintiff in good faith, the Defendant, through Supervisor James failed to honor the terms and conditions of her disability leave, when immediately after her surgery, Defendant initiated contact with Plaintiff for work-related matters, essentially compelling her to work against her medical condition and prescribed medical leave, and then terminated Plaintiff's employment.

118.    As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

119.    Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b.  Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.  Award the Plaintiff prejudgment interest on her damages award;

e.  Award the Plaintiff reasonable costs and attorneys' fees; and

f.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VIII: RACE AND COLOR DISCRIMINATION
## (RETALIATION) – TITLE VII

120.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 to 40 above as if set out in full herein.

121.    The Plaintiff complained about discrimination based on her race and color.  As a result, she was terminated.

122.    The Plaintiff sustained emotional suffering and injury attributable to the harassment caused by Supervisor James, Supervisor Davis, and Defendant.

123.    The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a.  Issue an order enjoining the Defendant to cease and desist from the conduct described in Count VIII of this Complaint and from harassing the Plaintiff in any manner whatsoever.

b.  Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count VIII of this Complaint, and from all other forms of harassment in the future.

c.  Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

d.  Order reinstatement of the Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e.  Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f.  Award the Plaintiff compensatory damages for her emotional suffering.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                           Facsimile: 888.270.5549

g.  Award the Plaintiff punitive damages.

h.  Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i.  Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT IX: RACE AND COLOR DISCRIMINATION
### (DISPARATE TREATMENT) – TITLE VII

124.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 to 40 above as if set out in full herein.

125.    The Plaintiff's race and color was a motivating factor that caused the Defendant to discriminate against her.

126.    The Plaintiff sustained emotional suffering and injury attributable to the discrimination.

127.    The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a.  Issue an order enjoining the Defendant to cease and desist from the conduct described in Count IX of this Complaint and from harassing Plaintiff in any manner whatsoever.

b.  Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count IX of this Complaint, and from all other forms of harassment in the future.

c.  Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

d.  Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

e.   Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f.   Award the Plaintiff compensatory damages for her/his emotional suffering.

g.   Award the Plaintiff punitive damages.

h.   Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i.   Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT X: RACE AND COLOR DISCRIMINATION
## (HOSTILE WORK ENVIRONMENT) – TITLE VII

128.   The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 to 40 above as if set out in full herein.

129.   Supervisor James and Davis engaged in a persistent pattern of severe and pervasive harassment when they referred to Blacks as "crackheads" and a Hispanic employee as "being fresh off the boat", which created a hostile environment for Plaintiff in the workplace.

130.   The Plaintiff did not welcome the conduct described in paragraphs 7 to 18 and 27 to 34, and advised Supervisor James, Supervisor Davis and the Defendant that such conduct was unwelcome.

131.   The Plaintiff was subjected to the harassment because of her race and color.

132.   The harassment adversely affected the Plaintiff's psychological well-being.

133.   The harassment unreasonably interfered with the Plaintiff's work performance.

134.   Supervisor James and Davis were acting within the scope of their employment with the Defendant and furthering the objectives of the Defendant by harassing the Plaintiff because she is a Black, African American woman.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800         Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

135.    The Plaintiff sustained emotional suffering and injury attributable to the harassment.

136.    The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a.  Issue an order enjoining the Defendant to cease and desist from the conduct described in Count X of this Complaint and from harassing the Plaintiff in any manner whatsoever.

b.  Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count X of this Complaint, and from all other forms of harassment in the future.

c.  Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

d.  Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment, or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e.  Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f.  Award the Plaintiff compensatory damages for her emotional suffering.

g.  Award the Plaintiff punitive damages.

h.  Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i.  Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT XI: DISABILITY DISCRIMINATION
### (DISPARATE TREATMENT) – TITLE VII

137.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 to 40 above as if set out in full herein.

138.    The Plaintiff's disability was a motivating factor that caused the Defendant to discriminate against her.

139.    The Plaintiff sustained emotional suffering and injury attributable to the discrimination.

140.    The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a.  Issue an order enjoining the Defendant to cease and desist from the conduct described in Count XI of this Complaint and from harassing Plaintiff in any manner whatsoever.

b.  Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count XI of this Complaint, and from all other forms of harassment in the future.

c.  Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

d.  Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e.  Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f.  Award the Plaintiff compensatory damages for her/his emotional suffering.

g.  Award the Plaintiff punitive damages.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

h. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

### COUNT XII: DISABILITY DISCRIMINATION (HOSTILE WORK ENVIRONMENT) – TITLE VII

141.   The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 to 40 above as if set out in full herein.

142.   Supervisor James engaged in a persistent pattern of severe and pervasive harassment when, upon the Plaintiff's return to work from her medical leave, she sent emails to her asking her if she could hear and see, which created a hostile environment for Plaintiff in the workplace.

143.   The Plaintiff did not welcome the conduct described in paragraph 23, and advised the Supervisor James and the Defendant that such conduct was unwelcome.

144.   The Plaintiff was subjected to the harassment because of disability.

145.   The harassment adversely affected the Plaintiff's psychological well-being.

146.   The harassment unreasonably interfered with the Plaintiff's work performance.

147.   Supervisor James was acting within the scope of her employment with the Defendant and furthering the objectives of the Defendant by harassing the Plaintiff because she is disabled.

148.   The Plaintiff sustained emotional suffering and injury attributable to the harassment.

149.   The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5649

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a.  Issue an order enjoining the Defendant to cease and desist from the conduct described in Count XII of this Complaint and from harassing the Plaintiff in any manner whatsoever.

b.  Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count XII of this Complaint, and from all other forms of harassment in the future.

c.  Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

d.  Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e.  Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f.  Award the Plaintiff compensatory damages for her emotional suffering.

g.  Award the Plaintiff punitive damages.

h.  Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i.  Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT XIII:  RACE AND COLOR DISCRIMINATION
## (DISPARATE TREATMENT) – FCRA

150.    The Plaintiff re-states and re-alleges paragraphs 1 through 40 as if set forth in full herein.

151.    The Plaintiff is a member of the protected class of Black, African American citizens.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

152.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile, and offensive work environment because of her race and color as more fully described in paragraphs 7 to 18 and 27 to 34 of this Complaint.

153.     The discriminatory conduct referred to in paragraphs 7 to 18 and 27 to 34 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

154.     The Plaintiff was subjected to the conduct referred to in this Complaint because she is a Black, African American woman.

155.     Similarly situated employees who are not of African descent were not subjected to the conduct described and referred to in paragraphs 7 to 18 and 27 to 34 of this Complaint.

156.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile, and offensive work environment because of her color and race, as more fully described in paragraphs 7 to 18 and 27 to 34.

157.     The Plaintiff was and is qualified for her position while working for the Defendant.

158.     The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her race and color in the terms, conditions, and privileges of her employment.

159.     As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

160.     Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her color and race.

161.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

162.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin.

d.  Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.  Grant such other and further relief as the Court deems just and proper.

### COUNT XIV:  RACE AND COLOR DISCRIMINATION (RETALIATION) – FCRA

163.    The Plaintiff re-states and re-alleges paragraphs 1 through 40 as if set forth in full herein.

164.    The Plaintiff is a member of protected class of Black, African American citizens.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

165.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile, and offensive work environment because of her complaints about discrimination.

166.     Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

167.     The discriminatory conduct referred to in paragraphs 7 to 18 and 27 to 34 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

168.     The Plaintiff was subjected to the conduct referred to in this Complaint because she complained about discrimination. Specifically, Supervisor James' and Davis' racial comments and slurs and not being considered for and being passed over for a promotion she was qualified for that was given to a Caucasian woman.

169.     The Plaintiff was and is qualified for her position while working for the Defendant.

170.     The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of her complaints about discrimination.

171.     As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

172.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

173.     The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin.

d.  Order the Defendant to make the Plaintiff whole, by compensating him/her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.  Grant such other and further relief, as the Court deems just and proper.

## COUNT XV:  RACE AND COLOR DISCRIMINATION
## (HOSTILE WORK ENVIRONMENT) – FCRA

174.    The Plaintiff re-states and re-alleges paragraphs 1 through 40 as if set forth in full herein.

175.     The Plaintiff is a Black, African American woman and as such is a member of a group protected under the FCRA on the basis of her race and color.

176.    On or about the end of the year 2021, Supervisor James and Davis engaged in a persistent pattern of severe and pervasive harassment that continued until the termination of the Plaintiff, involving racial and color discrimination, when they openly and repeatedly used racial slurs in Plaintiff's presence.

177.     Supervisor James would schedule one-on-one weekly meetings with the Plaintiff to discuss her work.  She did not require this of non-Black, African American employees.  In addition, Supervisor James refused to consider the Plaintiff for a promotional position, which she was qualified for and ultimately gave this promotion to a Caucasian woman.

178.     These actions by the Defendant created a hostile environment for the Plaintiff in the workplace.

179.     The Plaintiff did not welcome the conduct described in paragraphs 7 to 18 and 27 to 34, and advised the Defendant that such conduct was unwelcome.

180.     The Plaintiff was subjected to the harassment because of her race and color.

181.     At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

182.     The Plaintiff is a member of protected class of Black, African American citizens.

183.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile, and offensive work environment because of her race and color, as more fully described in paragraphs 7 to 18 and 27 to 34 of this Complaint.

184.     The discriminatory conduct referred to in paragraphs 7 to 18 and 27 to 34 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

185.     The Plaintiff was subjected to the conduct referred to in this Complaint because she is a Black, African American woman.

186.     Similarly situated employees who are not Black and African American were not subjected to the conduct described and referred to in paragraphs 7 to 18 and 27 to 34 of this Complaint.

187.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile, and offensive work environment because of her race and color, as more fully described in paragraphs 7 to 18 and 27 to 34.

188.     The Plaintiff was and is qualified for his position while working for the Defendant.

189.     The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her race and color in the terms, conditions, and privileges of her employment.

190.     As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

191.     Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her race and color.

192.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

193.     The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                    Facsimile: 888.270.5549

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin.

d.  Order the Defendant to make the Plaintiff whole, by compensating him/her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.  Grant such other and further relief as the Court deems just and proper.

## COUNT XVI: HANDICAP DISCRIMINATION (DISPARATE TREATMENT) – FCRA

194.     The Plaintiff re-states and re-alleges paragraphs 1 through 40 as if set forth in full herein.

195.     At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

196.     The Plaintiff is a member of protected class of handicap citizens.

197.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her handicap or perceived handicap, as more fully described in General Allegations section of this Complaint.

198.     The discriminatory conduct is and was offensive to the Plaintiff and would be offensive to a reasonable person.

199.     The Plaintiff was subjected to the conduct referred to in this Complaint because she is handicap or perceived handicap.

200.     Similarly situated employees who are not handicap or perceived handicap were not subjected to the conduct described in this Complaint.

201.     The Plaintiff was and is qualified for her position while working for the Defendant.

202.     The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her handicap or perceived handicap in the terms, conditions, and privileges of her employment.

203.     As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

204.     Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on her handicap or perceived handicap.

205.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

206.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.    Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.    Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.    Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and color.

d.    Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.    Award a monetary judgment representing prejudgment interest;

f.    Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g.    Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.    Grant such other and further relief as the Court deems just and proper.

## COUNT XVII: HANDICAP DISCRIMINATION (RETALIATION) – FCRA

207.    The Plaintiff re-states and re-alleges paragraphs 1 through 40 as if set forth in full herein.

208.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions,

or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

209.    The Plaintiff is a member of protected class of handicap or perceived handicap citizens.

210.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her complaints about discrimination.

211.    Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

212.    The discriminatory conduct referred to in paragraphs 17 – 38 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person, and specifically caused Plaintiff serious medical conditions that impaired her physical and mental health.

213.    The Plaintiff was subjected to the conduct referred to in this Complaint because she complained about discrimination. Specifically, Plaintiff complained about, reported and rejected Defendant's discriminatory conduct as detailed herein, to Defendant, on multiple separate occasions, and Defendant did not investigate the discriminatory and hostile behavior, did not reprimand or discipline any of the bad actors, and certainly did not stop the harassment and the name calling from reoccurring. Rather Defendant allowed the discriminatory conduct to continue and to worsen and then Defendant terminated Plaintiff's employment.

214.    The Plaintiff was and is qualified for her position while working for the Defendant.

215.    The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of her complaints about discrimination.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                           Facsimile: 888.270.5549

216.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

217.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

218.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and color.

d.  Order the Defendant to make the Plaintiff whole, by compensating him/her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.  Grant such other and further relief, as the Court deems just and proper.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

## COUNT XVIII: HANDICAP DISSCRIMINATION (HOSTILE WORK ENVIRONMENT) – FCRA

219.    The Plaintiff re-states and re-alleges paragraphs 1 through 40 as if set forth in full herein.

220.    The Plaintiff is a handicap or perceived handicap individual and as such is a member of a group protected under the FCRA on the basis of handicap.

221.    The Plaintiff was and is qualified for her position while working for the Defendant.

222.    The Defendant engaged in a persistent pattern of severe and pervasive harassment involving the disparate treatment of its Black and Hispanic employees, which created a hostile environment for Plaintiff in the workplace.

223.    The Plaintiff did not welcome the conduct described in the General Allegations section of this Complaint and advised the Defendant that such conduct was unwelcome.

224.    Defendant's conduct caused Plaintiff serious medical conditions that impaired her physical and mental health.

225.    Plaintiff complained to Defendant, and nothing was done.

226.    Plaintiff informed Defendant of her impaired mental and physical health condition resulting from her work environment, and Defendant did nothing.

227.    Rather than investigating the Plaintiff's complaints, the Defendant subjected Plaintiff to harassment because of her handicap or perceived handicap.

228.    Consequently, at all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any

individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

229.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff was subjected to a discriminatory, hostile and offensive work environment because of her handicap or perceived handicap, as more fully described in General Allegations section of this Complaint.

230.    The discriminatory conduct referred to is and was offensive to the Plaintiff and would be offensive to a reasonable person.

231.    The Plaintiff was subjected to the conduct referred to in this Complaint because she is handicap or perceived handicap.

232.    Similarly situated employees were not handicap or perceived handicap were not subjected to the conduct described and referred to herein.

233.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

234.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him/her based on her handicap or perceived handicap.

235.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

236.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and color.

d. Order the Defendant to make the Plaintiff whole, by compensating him/her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief as the Court deems just and proper.

## COUNT XIX: DISABILITY DISCRIMINATION (FAILURE TO ACCOMMODATE) – FCRA

237. The Plaintiff repeats and re-alleges paragraphs 1 - 40 as if fully stated herein.

238. The Plaintiff suffered severe emotional distress, which led to the development of serious medical conditions that impaired her physical and mental health, surgery for a partial hysterectomy, and a stroke which unfortunately occurred during the surgery.

239. Plaintiff was prescribed leave due to her severe emotional distress and post-surgery, medical leave due to her medical condition.

240. The Plaintiff was unaware how long she would be incapacitated because of the injuries she sustained.

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

241.     The Plaintiff's condition qualified as a disability or was regarded as a disability by the Defendant, within the meaning of the FCRA.

242.     The Plaintiff requested a reasonable accommodation for her disability as described in the General Allegations section of this Complaint.

243.     The Defendant did not make a good faith effort to assist the Plaintiff in seeking accommodations.

244.     The Plaintiff could have been reasonably accommodated but for the Defendant's lack of good faith.

245.     The Defendant could have reasonably accommodated the Plaintiff, without any undue hardship to its business, but failed to do so.

246.     Instead of reasonably accommodating the Plaintiff in good faith, the Defendant, through Supervisor James failed to honor the terms and conditions of her disability leave, when immediately after her surgery, Defendant initiated contact with Plaintiff for work-related matters, essentially compelling her to work against her medical condition and prescribed medical leave, and then terminated Plaintiff's employment.

247.     As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

248.     Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.   Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the Florida Civil Rights Act;

**SAENZ LAW FIRM, P.A.**

20900 NE 30ᵗʰ Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: March 19, 2024

Respectfully submitted,

**s/ Tanesha W. Blye**
Tanesha W. Blye, Esq. (FBN: 738158)
Email: tanesha@legalopinionusa.com
Secondary Email: attorneyblye@lawyerofjustice.com
LAW OFFICES OF T. WALLS BLYE, PLLC
66 West Flagler Street, Ste. 900
Miami, Florida 33130
Main Phone: (305) 482-1475
Assistant Phone: (305) 209-5779
Secondary Phone: (786) 796-1814

R. Martin Saenz, Esq. (FBN: 0640166)
Email: martin@legalopinionusa.com
THE SAENZ LAW FIRM, PA
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Main Phone: (305) 482-1475
Assistant direct line: (305) 209-5779

*Counsels for Plaintiff*

**SAENZ LAW FIRM, P.A.**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549