UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60431-LEIBOWITZ/AUGUSTIN-BIRCH

**YOLANDA GASKIN**,

    *Plaintiff,*

v.

**HEALTHTRUST WORKFORCE SOLUTIONS**,

    *Defendant.*
_____/

**ORDER**

    **THIS CAUSE** comes before the Court on Plaintiff's Motion for Judicial Notice of the COVID-19 Pandemic and the Beginning of its Impact in March 2020 (the "Motion") [ECF No. 76], filed on April 14, 2025.  Defendant filed a Response in Opposition to the Motion (the "Response") [ECF No. 82].  Plaintiff did not file a reply.  The Court has carefully considered the Motion and is otherwise fully advised.  For the following reasons, the Motion is DENIED.

    Rule 201(b) of the Federal Rules of Evidence allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Pursuant to Rule 201(c)(2), the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

    "Adjudicative facts are facts that are relevant to a determination of the claims presented in a case." *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004) (holding that district court properly took judicial notice of the fact that color is indicative of flavor in ice cream).

"[T]he taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). "[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Id.*

In the instant Motion, Plaintiff asks the Court take judicial notice of four (4) specific assertions related to COVID-19:

1. A novel coronavirus, identified as SARS-CoV-2, began to spread globally in late 2019, resulting in a worldwide pandemic commonly referred to as the COVID-19 pandemic.
2. In March 2020, the President of the United States declared a national emergency concerning the COVID-19 outbreak. *See* Federal Regulation, Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak. *85 FR 15337 Mar. 18, 2020).*
3. The State of Florida, including counties within the Southern District of Florida, also declared states of emergency and implemented numerous public health orders and restrictions in response to the pandemic. *State of Florida, Executive Order 20-51*.
4. The COVID-19 pandemic disrupted public and private operations, including healthcare staffing, employment procedures, and workplace safety protocols, from approximately March 2020, with residual effects continuing thereafter.

[ECF No. 76 at 2]. Defendant opposes the Motion, arguing that the Motion "should be denied for lack of relevance, for being nothing more than supported assertions, and for attaching overly broad assertions to both federal and state declaration." [ECF No. 86 at 3].

Upon the Court's careful consideration, the Court finds that the Motion must be denied for the following reasons. First, the Motion is in violation of Rule 7.1(a)(1) of the Local Rules for the Southern District of Florida, which provides that "[e]very motion when filed and served shall incorporate a memorandum of law citing supporting authorities." S.D. Fla. L.R. 7.1(a)(1). Plaintiff's Motion cites no case law whatsoever. Second, the Motion has no analysis, does not explain the specific

2

purpose for which Plaintiff seeks to introduce these assertions, and how these assertions are relevant to the issues in this case.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 76**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on April 30, 2025.

**David S. Leibowitz**
**United States District Judge**

cc: counsel of record